BOWLER v. BOWLER.

APPEAL—AFFIRMANCE OF DECREE.
   A decree establishing in complainant a life estate in certain
   lands, being sustained by the proofs, was affirmed.

Appeal from Kent; Grove, J.   Submitted January 10,
1900.   Decided February 20, 1900.

Bill by Richard Bowler, Sr., against Richard Bowler,
Jr., Margaret Bowler, and Edson L. O'Harrow, to estab-
lish a life estate in certain lands.   From a decree for
complainant, defendants Bowler appeal.   Affirmed.

*Wolcott & Ward*, for complainant.

*E. J. Doyle (C. A. Watt*, of counsel ), for appellants.

LONG, J.   This bill was filed to establish a life interest
in certain lands described in the bill in the complainant,
and to declare a certain mortgage given on the premises
by defendants Richard Bowler and his wife to defendant
O'Harrow subject to complainant's life interest.   The
questions in controversy are purely of fact.   We have ex-
amined the record with care, and have reached the con-
clusion that the circuit court was not in error.   The decree
made recites and provides as follows :

   "The allegations in the bill of complaint in said cause
in relation to the agreement between the complainant and
the defendant Richard Bowler, Jr., that the said Richard
Bowler, Jr., should execute to the complainant a life lease
of the lands mentioned in the bill of complaint, and deeded
by complainant to defendant Richard Bowler, Jr., on
December 4, 1895, to wit,   *   *   *   and the allegation in
said bill in relation to the preparation of such life lease,
and the execution and delivery of said life lease by the
defendant Richard Bowler, Jr., to said complainant, and

the subsequent loss of said life lease, are established by the proofs in the cause; and the allegation in said bill as to the knowledge of Edson L. O'Harrow, at the time of the execution of the mortgage mentioned in the said bill of complaint by Richard Bowler, Jr., and wife to the said Edson L. O'Harrow, of the rights of complainant in the land covered by said mortgage under the said life lease, and the allegations in said bill of complaint in regard to the intention of complainant at the time he erected the barn mentioned in said bill of complaint, and in regard to his right to remove the same from the land on which it was erected, are not sustained by the proofs in said cause. It is therefore ordered, adjudged, and decreed:

"*First.* That the said complainant, Richard Bowler, Sr., have all the rents, issues, profits, use, and income of the land above described from and after the said 4th day of December, 1895, and for and during the term of his natural life; and the said defendants Richard Bowler, Jr., and Margaret Bowler, his wife, are decreed and required to convey to the said Richard Bowler, Sr., all of the said land for and during the natural life of said complainant, in consideration of the conveyance made by the said complainant to the said defendant Richard Bowler, Jr., of the same lands on the said 4th day of December, 1895; such conveyance of said life estate to relate to and have effect from and after the said 4th day of December, 1895.

"*Second.* The said bill of complaint is dismissed as to defendant Edson L. O'Harrow, with costs against complainant to be taxed; and the mortgage mentioned in said bill of complaint, and executed by Richard Bowler, Jr., and Margaret Bowler, his wife, to the said Edson L. O'Harrow, upon the lands above described, is decreed to be a lien upon the life interest of complainant as well as upon the interest of the other defendants in said land, but, between the complainant and the said Richard Bowler, Jr., and wife, is decreed to be a charge upon the interest of the said Richard Bowler, Jr., in said land after the termination of the life estate of complainant therein.

"*Third.* The relief prayed in said bill in relation to the ownership, possession, and right of removal of the barn mentioned in said bill is hereby denied.

"*Fourth.* It is further ordered, adjudged, and decreed that complainant recover his costs in this cause against the said defendant Richard Bowler, Jr., to be taxed, and that he have execution therefor."

We think the proofs sustain the decree made. It must be affirmed, with costs.

The other Justices concurred.